UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATHARIO MARS,

     Plaintiff,

vs.                                                                    CASE NO.:

NEIGHBORHOOD RESTAURANT
PARTNERS FLORIDA, LLC, a Foreign
Limited Liability Company,,

        Defendant.                          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LATHARIO MARS, by and through the undersigned attorney, sues the Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Foreign Limited Liability Company, and alleges:

1.     Plaintiff, LATHARIO MARS, was an employee of Defendant and brings this action for unpaid overtime compensation, retaliation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.     Plaintiff, LATHARIO MARS was an employee who worked at Defendants' property within the last three years in Hillsborough County, Florida.

3.     Plaintiff, LATHARIO MARS, worked for Defendant as an hourly paid employee at an hourly rate of $16.00 per hour.

4.     Plaintiff, LATHARIO MARS, worked as a Kitchen Coordinator for

Defendant.

5.     At all times material to this cause of action, Plaintiff, LATHARIO MARS, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6.     Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, is a Foreign Limited Liability Company that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7.     Plaintiff, LATHARIO MARS, worked for Defendant at 4920 W. Cypress St., Suite 104, Tampa, Florida 33607.

8.     Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, operates and conducts business restaurant serving food, drink, and alcoholic beverages.

9.     This action is brought under the FLSA to recover from Defendant overtime compensation, lost wages related to retaliatory termination, liquidated damages, and reasonable attorneys' fees and costs.

10.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11.     During Plaintiff's employment with Defendants, Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, earned more than $500,000.00 per year in gross sales.

12.     Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, employed in excess of one-hundred (100) employees and paid these employees

plus earned a profit from their business.

13.    During Plaintiff's employment, Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as cash registers, televisions, national brand sodas and beers, poultry, beef, seafood, restaurant paper products such as napkins, and other tools/materials used to run the business.

14.    Therefore, at all material times relevant to this action, Defendant, NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15.    Additionally, Plaintiff, LATHARIO MARS, was individually covered under the FLSA.

<u>**FLSA Violations**</u>

16.    At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17.    During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18.    Specifically, Plaintiff's official paycheck would never exceed forty (40) hours per week (80 hours bi-weekly).

19.    Any hours in excess of forty (40) were paid in cash by Plaintiff's General

Manager at Plaintiff's regular rate.

20.     In an effort to carry out this unlawful practice, Plaintiff's general manager routinely altered/adjusted Plaintiff's hours in the company's Point of Sale ("P.O.S.") system.

21.     Plaintiff's General Manager routinely deleted days already worked from Plaintiff's schedule to reduce labor costs.

22.     Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

23.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

24.     Additionally, on or about October 1, 2019, Plaintiff expressed his objections to the unlawful pay practices described above to the general manager and sought to be transferred to another location.

25.     On or about October 1, 2019, Plaintiff also expressed his objections to the unlawful pay practices described above to the Area Manager, Mark Taylor.

26.     Plaintiff was terminated within days of complaining about the Defendant's unlawful pay practices.

27.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

28.     Prior to commencing this cause of action, Plaintiff sent written correspondence to Defendant in an effort to resolve this matter without litigation.

Unfortunately, Plaintiff's written correspondence went unanswered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above as though stated fully herein.

30.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

31.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

32.     Plaintiff was paid his regular rate for all or nearly all hours worked regardless of how many overtime hours were worked in the workweek.

33.     Additionally, Defendant had a method of compensating Plaintiff weekly by both paycheck and cash in an effort to avoid paying full overtime compensation.

34.     Specifically, Defendant would routinely not compensate Plaintiff any more than forty (40) hours per week on his paycheck and pay any remaining wages in cash.

35.     Defendant has failed provide accurate overtime compensation for numerous pay periods.

36.     Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

37.     In addition, Defendant failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

38.     As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

39.     As a result of Defendant's intentional, willful and unlawful acts in terminating Plaintiff in retaliation for objecting to unlawful pay practices, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LATHARIO MARS demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – FLSA RETALIATION

42.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

43.     Defendants violated 29 U.S. Code § 215(a)(3) by terminating Plaintiff in retaliation for seeking unpaid overtime compensation.

44.     Specifically, on or about October 1, 2019, Plaintiff expressed his objection to Defendant's unlawful pay practices and was terminated in retaliation within days of his objecting.

45.     Defendant's actions have caused an adverse employment action against

Plaintiff and he has suffered damages as a result of Defendant's retaliation

46.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

47.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LATHARIO MARS demands judgment against Defendant for retaliation and seeks damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __13__ day of October, 2020.

Matthew Gunter (Oct 12, 2020 14:48 EDT)

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

# Complaint

**Final Audit Report**                                          2020-10-12

| | |
|---|---|
| Created: | 2020-10-12 |
| By: | Christie Effron (ceffron78@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAm1hqCYCxYx2eM7xdpw1dLfcKM5wPQrpU |

## "Complaint" History

🗐 Document created by Christie Effron (ceffron78@gmail.com)
2020-10-12 - 6:29:36 PM GMT- IP address: 104.129.206.170

📤 Document emailed to Matthew Gunter (mgunter@forthepeople.com) for signature
2020-10-12 - 6:30:43 PM GMT

🗐 Email viewed by Matthew Gunter (mgunter@forthepeople.com)
2020-10-12 - 6:48:27 PM GMT- IP address: 104.129.206.199

✍ Document e-signed by Matthew Gunter (mgunter@forthepeople.com)
Signature Date: 2020-10-12 - 6:48:57 PM GMT - Time Source: server- IP address: 104.129.206.199

✅ Agreement completed.
2020-10-12 - 6:48:57 PM GMT

 Adobe Sign